# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHULTZ STEEL COMPANY, a California corporation,<br><br>            Plaintiff,<br><br>       v.<br><br>CONTINENTAL CASUALTY COMPANY, a corporation; and DOES 1 through 100, inclusive,<br><br>            Defendant. | CV 14-08044-RSWL (ASx)<br><br>**ORDER re: APPLICATION TO SEAL DOCUMENTS MARKED AS CONFIDENTIAL OFFERED IN SUPPORT OF DEFENDANT CONTINENTAL CASUALTY COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING COLUMN DAMAGE [52]** |

Currently before the Court is Defendant Continental Casualty Company's ("Defendant") Application to Seal Documents Marked as Confidential Offered in Support of Defendant Continental Casualty Company's Motion for Partial Summary Judgment Regarding Column Damage ("Application") [52]. Defendant filed its Application on April 12, 2016. Defendant seeks to file certain exhibits produced by Plaintiff Shultz Steel Company ("Plaintiff") and third party Marsh USA, Inc. Under seal. Appl. ¶¶ 5-9, ECF No. 52. Specifically,

Defendant requests to file under seal Exhibits D, E, H, and I to the Declaration of J. Stephen Berry ("Berry Declaration"). Defendant states that in addition to filing the Berry Declaration and attachments under seal, Defendant will "contemporaneously file a redacted version on the ECF system, redacting only those documents marked as Confidential, or otherwise requiring redaction by law, and keeping as much information as possible public." Id. at ¶ 10. Defendant states that it seeks to file the aforementioned exhibits under seal in accordance with the wishes of Plaintiff and third party Marsh USA, Inc., both of whom produced these exhibits in discovery and who seek to keep this information confidential. Id. at ¶¶ 5-9.

Local Rule 79-5.1 provides the procedural requirements for an application to file under seal and states that, unless authorized by statute or federal rule, filing any document under seal must have the Court's "prior approval" obtained by the movant's "written application and a proposed order." C.D. Cal. Civ. L.R. 79-5.1.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)). Accordingly, there is a "strong

presumption in favor of access" to judicial records. Id.

The Ninth Circuit has enumerated two different standards that a moving party must meet for an application to file judicial documents under seal to be granted. For judicial documents connected to a "dispositive motion," the movant must show "compelling reasons" for sealing the specified judicial records. Id. at 1178-81.[1] For judicial documents connected to a "non-dispositive motion," the movant must show "good cause" for sealing the specified judicial records. Id. at 1179-80. Both standards require a "'particularized showing' that 'specific prejudice or harm will result' if the information is disclosed. 'Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning' will not suffice." Adema Technologies, Inc. V. Wacker Chemie AG, No. 5:13-cv-05599-PSG, 2013 WL 6622904, at *1 (N.D. Cal. Dec. 16, 2013) (quoting Phillips ex rel. Estates of Byrd v. Gen.

---

[1] Generally, "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might [be used as a] vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Kamakana, 447 F.3d at 1179. The Ninth Circuit requires that the court "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret," but if the court decides to seal the requested judicial records, the court's decision must be based on "a compelling reason" and the court must "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (internal quotation marks omitted).

Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002); Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992)).

The Ninth Circuit has made clear that a party seeking to seal a judicial record relating to the merits of the case bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Id. The Ninth Circuit reasoned that a judicial record relating to the merits of the case "is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" Id. (quoting Valley Broadcasting Co. v. U.S. Dist. Ct., 798 F.2d 1289, 1295 (1986)).

As this Application seeks to seal documents offered in support of Defendant's Motion for Partial Summary Judgment [51], the Court finds that the "compelling reasons" standard applies to Defendant's Application. The Court further finds that Defendant has failed to meet the "compelling reasons" standard. Upon review of Defendant's Application and the accompanying Declaration of Keshia W. Lipscomb [53], the Court finds Defendant has failed to set forth a "'particularized showing' that 'specific prejudice or harm will result' if the information is disclosed." Adema Technologies, 2013 WL 6622904, at *1. Defendant simply argues that

1  Plaintiff and third party Marsh USA, Inc. wish for the
2  exhibits to remain protected and confidential.  The
3  Court notes that the Ninth Circuit requires a more
4  particularized showing of prejudice or harm to the
5  parties' in order to grant an application to file under
6  seal.  A showing of "harm" may include the use of these
7  documents for improper purposes, such as "the use of
8  records to gratify private spite, promote public
9  scandal, circulate libelous statements, or release
10 trade secrets."  <u>Kamakana</u>, 447 F.3d at 1179.
11      Accordingly, **THE COURT NOW FINDS AND RULES AS**
12 **FOLLOWS:** the Court **DENIES** Defendant's Application.
13 Defendant may re-apply for leave to file the exhibits
14 under seal, but should supply the Court with sufficient
15 facts to meet the Ninth Circuit's "compelling reasons"
16 standard.
17      **IT IS SO ORDERED.**
18
19 DATED: April 14, 2016      <u>s/ RONALD S.W. LEW</u>
                            **HONORABLE RONALD S.W. LEW**
20                          Senior U.S. District Judge